UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COMCAST CORP. EMPLOYEE WAGE AND
HOUR EMPLOYMENT PRACTICES LITIGATION                MDL No. 2710

ORDER DENYING TRANSFER

**Before the Panel:**[*]  Plaintiffs in all actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. The litigation consists of nineteen actions, listed on Schedule A, that pose the question of whether California Comcast technicians were properly compensated for meal and rest breaks while on call. Comcast defendants[1] support centralization in the Northern District of California.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions without doubt share some factual questions. Plaintiffs assert, *inter alia*, that they were not provided legally-mandated meal periods and rest breaks because they (1) were required to monitor and remain in communication at all times, even if they were able to clock out on a rest break or meal period, and (2) they were frequently forced to work through their rest breaks and meal periods due to work load and the directives of their management. The actions were filed in various California state courts in October and November 2014 allegedly in response to the decertification of a 2008 California state court class action (*Fayerweather*) that covered their claims. Defendant Comcast removed these cases to federal court in September and October 2015.

Despite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases. Our past decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). These options include transfer pursuant to 28 U.S.C. § 1404,[2] as well as

---

[*] Judges Marjorie O. Rendell, Lewis A. Kaplan, and Catherine D. Perry did not participate in the decision of this matter.

[1] Comcast Cable Communications Management, LLC, which it contends was erroneously sued as Comcast Corp. and Comcast of Contra Costa, Inc.

[2] As all parties agree to Section 1407 centralization in the Northern District of California, we are of the opinion that they should be able to agree to a voluntary transfer of all actions, under Section 1404, to that district. Indeed, transfer via Section 1404 carries benefits unavailable to parties

(continued...)

-2-

voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. In these circumstances, where the actions are pending before three judges in adjacent districts and the parties are represented by common counsel, either of these alternatives is preferable to centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer                Ellen Segal Huvelle
R. David Proctor

---

²(...continued) transferred via Section 1407. *See In re: Gerber Probiotic Products Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("[T]ransfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407. This alone produces significant advantages. It allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded. On the other hand, Section 1407 remands can involve motions practice and may require transferor courts to spend time to re-familiarize themselves with the actions.").

**IN RE: COMCAST CORP. EMPLOYEE WAGE AND
HOUR EMPLOYMENT PRACTICES LITIGATION**  MDL No. 2710

## SCHEDULE A

<u>Central District of California</u>

ZIMMERMAN, ET AL. v. COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC, ET AL., C.A. No. 2:15‒08224

<u>Eastern District of California</u>

LANDIN, JR., ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15‒01416
HALL v. COMCAST OF CONTRA COSTA, INC., ET AL., C.A. No. 1:15‒01484
FLORES, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15‒01521
DAVIS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15‒01544
GRIMES, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15‒01596
MCBRIDE, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15‒01965
ELKINS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15‒02075
PAEZ, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15‒02149
COOK, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15‒02152
HUFFMAN, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15‒02186

<u>Northern District of California</u>

CANADAY, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04648
ORTEGA, JR., ET AL. v. COMCAST, ET AL., C.A. No. 4:15‒04676
WILLIAMS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04732
VALENCIA, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04771
COLEMAN, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04782
NELSON, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04793
DUBOIS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04809
PETERS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15‒04869